# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
### MILWAUKEE DIVISION

| | |
|---|---|
| SIGMUND KOSTRZEWSKI & REBECCA KOSTRZEWSKI, | CIVIL COMPLAINT |
| Plaintiffs, | |
| v. | CASE NO. 2:17-cv-01681 |
| UNIVERSAL ACCEPTANCE CORPORATION a/k/a CARHOP a/k/a CARHOP FINANCE a/k/a INTERSTATE AUTO GROUP, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW come SIGMUND KOSTRZEWSKI ("Sigmund") & REBECCA KOSTRZEWSKI ("Rebecca"), (collectively "Plaintiffs"), by and through their attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of UNIVERSAL ACCEPTANCE CORPORATION a/k/a CARHOP a/k/a CARHOP FINANCE a/k/a INTERSTATE AUTO GROUP, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiffs bring this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* for Defendant's unlawful practices.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

1

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Wisconsin and a substantial portion the events or omissions giving rise to the claims occurred within the Eastern District of Wisconsin.

<u>**PARTIES**</u>

4.   Plaintiffs are natural persons residing in Racine, Wisconsin, which falls within the Eastern District of Wisconsin.

5.   Sigmund is a "person" as defined by 47 U.S.C. §153(39).

6.   Rebecca is a "person" as defined by 47 U.S.C. §153(39).

7.   Defendant is a Minnesota automobile finance company with its principal place of business located at 5900 Green Oak Drive, #101, Minnetonka, Minnesota 55343. Although Defendant is headquartered in Minnesota, it regularly conducts business with consumers in Wisconsin and its registered agent in Wisconsin is National Registered Agents, Inc. located at 301 South Bedford Street, Suite 1, Madison, Wisconsin 53703.

8.   Defendant is a "person" as defined by 47 U.S.C. §153(39).

9.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all time relevant to the instant action.

<u>**FACTS SUPPORTING CAUSES OF ACTION**</u>

10. In 2015, Sigmund purchased a vehicle with a loan ("subject loan") serviced by Defendant. Sigmund was the sole signor on the vehicle note.

11. Plaintiffs subsequently fell on hard times and Sigmund eventually defaulted on the subject loan as a result of their financial hardship.

2

12. Defendants commenced a harassment campaign by way of unwanted telephone calls placed to Plaintiffs' cellular phones.

13. At all times relevant, Rebecca was the sole subscriber, owner, and operator of the cellular phone (414) xxx-9219. Rebecca is and has always been financially responsible for the cellular phones and its service.

14. At all times relevant, Sigmund was the sole subscriber, owner, and operator of the cellular phone (414) xxx-6736. Sigmund is and has always been financially responsible for the cellular phone and its service.

15. Defendant has used various phone numbers when calling Plaintiffs' cellular phones, including but not limited to (952) 345-4500, (952) 767-5740, and (414) 509-1402.

16. Upon information and belief, the aforementioned phone numbers are regularly utilized by Defendant to make outgoing calls to consumers from whom it is collecting debts.

17. When Plaintiffs answer calls from Defendant, they experience brief pauses, lasting approximately three to four seconds in length, before a live person begins to speak.

18. Beaten down by Defendants' collection attempts, Plaintiffs demanded that Defendant cease placing calls to their cellular phones.

19. Despite Plaintiffs' demands, Defendant continued to call Plaintiffs' cellular phones on a regular basis.

20. Defendant has also called Plaintiffs' cellular phones multiple times in the same day.

21. Rebecca has received not less than 50 phone calls from Defendant since 2015 without her consent.

22. Sigmund has received not less than 100 phone calls from Defendant on his cellular phone since 2016 without his consent.

3

23. Sigmund has also received no less than 100 text messages from Defendant on his cellular phone without his consent.

24. Since October 9, 2017, Defendant has sent no less than 20 harassing text messages to Sigmund's cellular phone.

25. Frustrated over the persistent calls, Plaintiffs spoke with Sulaiman regarding their rights resulting in costs and expenses.

26. Plaintiffs have been unfairly harassed by Defendant's actions.

27. Sigmund at one point informed Defendant that he was driving a cement mixing truck and the calls were a major nuisance as his battery life was diminished daily and the calls also created a major safety risk as Sigmund would be distracted by Defendant's constant calls.

28. Plaintiffs have suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies solicitation telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the numerous calls, increased usage of their telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on their cellular phones, and diminished space for data storage on their cellular phones.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

29. Plaintiffs repeat and reallege paragraphs 1 through 28 as though fully set forth herein.

30. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

4

31.  Defendant used an ATDS in connection with its communications directed towards Plaintiffs.  The three to four second pause that Plaintiffs experienced during answered calls before being connected to a live representative is indicative of Defendant's use of an ATDS.  Similarly, the frequency and nature of Defendant's calls strongly suggest Defendant's use of an ATDS to place the harassing and unlawful calls to Plaintiffs' cellular phones.

32.  Defendant violated the TCPA by placing phone calls to Plaintiffs' cellular phones using an ATDS without their consent.  Any consent Plaintiffs *may* have given to Defendant was explicitly revoked by their demands to cease contact.

33.  The calls placed by Defendant to Plaintiffs' cellular phones were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

34.  Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiffs for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiffs are otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiffs, SIGMUND KOSTRZEWSKI & REBECCA KOSTRZEWSKI, respectfully request that this Honorable Court enter judgment in their favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.  Awarding Plaintiffs damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c.  Awarding Plaintiffs costs and reasonable attorney fees;

d.  Enjoining Defendant from further contacting Plaintiffs; and

e.  Awarding any other relief as this Honorable Court deems just and appropriate.

5

Dated: November 30, 2017

/s/ Marwan R. Daher
Marwan R. Daher, Esq.
*Counsel for Plaintiffs*
Sulaiman Law Group, Ltd
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 ext. 109
mdaher@sulaimanlaw.com

**Respectfully Submitted,**

/s/ Omar T. Sulaiman
Omar T. Sulaiman, Esq.
*Counsel for Plaintiffs*
Sulaiman Law Group, Ltd
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 ext. 108
osulaiman@sulaimanlaw.com